UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

      Plaintiff,

v.   **MEMORANDUM OF LAW & ORDER**
Criminal File No. 5-282 (MJD/JJG)

(1) CHRISTOPHER WILLIAM SMITH,

      Defendant.

James S. Alexander, Assistant United States Attorney, Counsel for Plaintiff.

Christopher William Smith, pro se.

## I.    INTRODUCTION

This matter is before the Court on Defendant Christopher William Smith's Pro Se Motion for Correction Pursuant to Rule 36 Federal Rules of Criminal Procedure. [Docket No. 508]

## II.    BACKGROUND

On November 22, 2006, Defendant Christopher William Smith was found guilty of controlled substances counts, misbranded drugs counts, conspiracy to commit money laundering, and continuing criminal enterprise.

In a Judgment dated August 6, 2007, the Court sentenced Defendant to 360 months in prison and ordered him to forfeit $24,240,747 with credit for the value of directly forfeited property.  (Judgment [Docket No. 396]; see also Preliminary Order of Forfeiture [Docket No. 398].)  The Judgment stated: "Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program are to be made to the clerk of court."  (Judgment at 7.)

Defendant appealed his convictions and sentence to the Eighth Circuit Court of Appeals.  The Eighth Circuit affirmed the convictions and remanded for resentencing in light of Gall v. United States, 552 U.S. 38 (2007).  United States v. Smith, 573 F.3d 639, 643 (8th Cir. 2009).

On October 6, 2009, the Court resentenced Defendant to 240 months in prison.  (Amended Judgment [Docket No. 497].)  The Amended Judgment again ordered Defendant to forfeit $24,240,747 with credit for the value of directly forfeited property and stated: "Unless the court has expressly ordered otherwise . . . payment of criminal monetary penalties is due during the period of

imprisonment."  (Id. at 6.)  Since Defendant has been incarcerated, the Bureau of Prisons ("BOP") has been collecting on the forfeiture money judgment through the Inmate Financial Responsibility Program ("IFRP").

On December 28, 2015, Defendant filed the current Motion for Correction Pursuant to Rule 36 Federal Rules of Criminal procedure.  He is currently incarcerated at FMC Lexington, in Lexington, Kentucky.  [Docket No. 508-3]

### III.  DISCUSSION

#### A.  The Grounds for Defendant's Motion

Defendant asserts that the Amended Judgment is insufficient to provide direction to the BOP on how to collect criminal monetary penalties from him.  He objects that the Amended Judgment does not order the BOP to force his participation in the IFRP.  Defendant argues that the BOP has acted beyond the scope of the Amended Judgment by dictating the payment schedule and amounts.  He requests that the Court amend the Amended Judgment to set a fixed payment amount of $12.50 per month or $50.00 per quarter.  Defendant also requests that the Court order the BOP to rescind the current IFRP agreement.  He requests that the Court not consider his motion to be a § 2255 petition.

#### B.  Rule 36

Federal Rule of Criminal Procedure 36 provides: "After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission."

> Rule 36 authorizes a court to correct a clerical error in a judgment at any time.  Rule 36 does not authorize a district court to <u>modify</u> a sentence at any time.  An authorized correction, pursuant to Rule 36, may clarify a sentence, unclear in written form, that is clear when the record is examined as a whole.

<u>United States v. Tramp</u>, 30 F.3d 1035, 1037 (8th Cir. 1994) (citations and footnote omitted).

Defendant's Amended Judgment provided that payment of criminal monetary penalties was due during the period of imprisonment.  The lack of a specified payment schedule during imprisonment was not a clerical error; nor did it make the sentence unclear.  See <u>Matheny v. Morrison</u>, 307 F.3d 709, 712 (8th Cir. 2002) (holding that, when inmates' payments were due immediately, "it [wa]s within the BOP's discretion to place appellants in the IFRP payment plan").

Here, Defendant does not seek to correct a clerical error.  Instead, Defendant seeks to impose a substantive limitation on the manner in which the

Government can collect on the forfeiture money judgment during the period of imprisonment. Rule 36 does not apply.

### C.   Direct Challenge to the Amended Judgment

The Amended Judgment is final, and the time to appeal expired. See Fed. R. App. P. 4(b). Thus, Defendant's time to directly challenge the forfeiture payment provision of his Amended Judgment has passed.

### D.   Section 2255

Defendant requests that the Court not consider his motion as a habeas petition under § 2255. In any case, Defendant cannot challenge the forfeiture payment provision of his Amended Judgment through a petition under 28 U.S.C. § 2255 because § 2255 "affords relief only to prisoners claiming right to be released from custody." United States v. Chacon-Vega, 262 F. App'x 730, 731 (8th Cir. 2008) (citing United States v. Bernard, 351 F.3d 360, 361 (8th Cir. 2003)).

### E.   Section 2241

To the extent that Defendant challenges the IFRP payment schedule, he is challenging the execution of his sentence under 28 U.S.C. § 2241. Matheny, 307 F.3d at 712. Challenges under § 2241 must be brought in the District in which the petitioner is incarcerated. Chacon-Vega, 262 F. App'x at 731. Defendant is currently incarcerated in FMC Lexington, located in the Eastern District of

Kentucky. Thus, this Court does not have jurisdiction to decide Defendant's § 2241 motion. Id. See also United States v. Townsend, No. Crim. 08-06 (MJD/AJB), 2015 WL 2352821, at *2 (D. Minn. May 15, 2015) (dismissing the defendant's challenge to his IFRP as a petition under § 2241 that had to be brought in the district in which the defendant was then incarcerated).

Additionally, it does not appear that Defendant has exhausted his administrative remedies with regard to the BOP's application of the IFRP. See, e.g., United States v. Rumney, 86 F.3d 1147 (1st Cir. 1996) ("To the extent that appellant is complaining about the Bureau of Prisons' authority to collect the fine, its method of collection, or his ability to pay it through the Inmate Financial Responsibility Program (IFRP), appellant must first exhaust administrative remedies before complaining to a court in the appropriate district.") (citations omitted).

Accordingly, based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

Defendant Christopher William Smith's Motion for Correction Pursuant to Rule 36 Federal Rules of Criminal Procedure [Docket No. 508] is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  May 16, 2016                    s/ Michael J. Davis
                                        Michael J. Davis
                                        United States District Court