UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

      Plaintiff,

v.                      **MEMORANDUM OF LAW & ORDER**
                            Criminal File No. 5-282 (MJD/JJG)

(1) CHRISTOPHER WILLIAM SMITH,

      Defendant.

Kimberly A. Svendsen, Assistant United States Attorney, Counsel for Plaintiff.

Joseph S. Friedberg, Joseph S. Friedberg, Chartered, Counsel for Defendant.

## I.   INTRODUCTION

This matter is before the Court on Defendant Christopher William Smith's Motion to Reduce Sentence.  [Docket No. 514]

## II.   BACKGROUND

On November 22, 2006, Defendant Christopher William Smith was found guilty of controlled substances counts, misbranded drugs counts, conspiracy to commit money laundering, and continuing criminal enterprise.

In a Judgment dated August 6, 2007, the Court sentenced Defendant to 360 months in prison.  [Docket No. 396]  Defendant appealed his convictions and

sentence to the Eighth Circuit Court of Appeals.  The Eighth Circuit affirmed the convictions and remanded for resentencing in light of <u>Gall v. United States</u>, 552 U.S. 38 (2007).  <u>United States v. Smith</u>, 573 F.3d 639, 643 (8th Cir. 2009).  On October 6, 2009, the Court resentenced Defendant to 240 months in prison to be followed by 5 years supervised release.  [Docket No. 497]

### III.  DISCUSSION

Under the First Step Act, 18 U.S.C. § 3582(c)(1)(A), the Court may, upon a defendant's motion following exhaustion of administrative remedies or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, "reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that-- (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

Defendant has exhausted administrative remedies because he submitted a request to Warden on July 5, 2020. (Def. Ex. A.)  Therefore, the Court addresses the merits of Defendant's request.

The Court finds that Defendant has shown "extraordinary and compelling reasons" due to medical condition or age.  See U.S.S.G. § 1B1.13, cmt. 1(A).  Defendant suffers from "significant asthma."  (Def. Ex. B.)  According to the Centers for Disease Control, moderate-to-severe asthma may increase the risk for severe illness from COVID-19.  Defendant is currently incarcerated at FMC Lexington, which has suffered a severe COVID-19 outbreak, which resulted in more than 200 positive inmates, more than 10 positive staff members, and nine inmate deaths from COVID-19.  This outbreak does not appear to have been quelled, as there are currently 7 positive inmates and 1 positive staff member at the facility.

The Court finds that the factors under 18 U.S.C. § 3553(a) support reducing Defendant's sentence.  Although Defendant demonstrated abominable behavior during his pretrial release and incurred multiple disciplinary issues during the beginning of his incarceration, he has only had one disciplinary issue in the last seven years.  He has demonstrated that he has matured and worked towards being ready to reenter society as a law-abiding, productive community member.  This impressive growth is further demonstrated by evidence that, on January 29, 2019, the Warden at FMC Lexington submitted a request for a public safety

waiver to transfer Defendant to FPC Duluth or another minimum security facility because he had done well at FMC Lexington for the previous 6 years. (Def. Ex. C.) Additionally, Defendant has served more than 75% of his sentence. The Court concludes that, balancing all of the factors under § 3553(a), a reduction in Defendant's sentence is warranted in light of his particular vulnerability to this global pandemic.

Accordingly, based upon the files, records, and proceedings herein**, IT IS HEREBY ORDERED**:

1. Defendant Christopher William Smith's Motion to Reduce Sentence [Docket No. 514] is **GRANTED,** and Defendant's previously imposed sentence of imprisonment of 240 months is reduced to time served.

2. This order is stayed for up to fourteen days, for the verification of Defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure the defendant's safe release. Defendant shall be released as soon as a residence is verified, a release plan is established, appropriate travel arrangements are made, and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure Defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended.

3. Defendant's five-year supervised release term shall begin upon his release. Defendant's conditions of supervised

release as described in the Amended Judgment [Docket No. 497] shall remain unchanged, with the exception that, because the instant offense involved extensive use of computers, the Court adds the following additional conditions of release:

> You must consent to the U.S. Probation Office conducting unannounced examinations of your computer system(s) and internal/external storage devices, which may include retrieval and copying of all memory from hardware/software and/or removal of such system(s) for the purpose of conducting a more thorough inspection and will consent to having installed on your computer(s), any hardware/software to monitor your computer use or prevent access particular materials, and to consent to periodic inspection of any such installed hardware/software to insure it is functioning properly.
>
> You must provide the U.S. Probation Office with accurate information about your entire computer system (hardware/software) and internal/external storage devices; all passwords used by you; and must abide by all rules of the computer Restriction and Monitoring Program.

Dated:  October 13, 2020             s/ Michael J. Davis
                                     Michael J. Davis
                                     United States District Court